UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY KINTA JENKINS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:22-CV-920-MGG |

OPINION AND ORDER

Rodney Kinta Jenkins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-22-5-86) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of attempted trafficking in violation of Indiana Department of Correction Offenses 111 and 113. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Jenkins argues that he is entitled to habeas relief because the hearing officer relied on information from a confidential source without sufficient indicia of reliability.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which an investigator represented that a "civilian" had been arrested for attempted trafficking at the Indiana State Prison. ECF 9-1. A search of the civilian's cellphone revealed conversations between the civilian and a Facebook profile that appeared to belong to Jenkins. *Id.* The conversations included information that could only be known by an individual at the Indiana State Prison. *Id.* In the conversations, Jenkins instructed the civilian to send a text message to a phone number on his prison contact list under the name "Anthony Carlisle."[1] *Id.* The civilian did so, referring to Jenkins as "rod dog," a nickname used by Jenkins. In a recorded telephone call, "Anthony Carlisle" expressed concern that his name was raised in the investigation. *Id.* It also includes photographs of the contraband that Jenkins had attempted to traffick and a confidential investigation file. ECF 9-2; ECF 10. The conduct report, the photographs, and the investigative file constitute some evidence that Jenkins committed attempted trafficking.

As suggested by Jenkins, a hearing officer's reliance on a confidential source may raise additional procedural concerns.

> Confidential informants may be relied on, and may serve as the basis of an investigation report, but due process requires that information from a

---

[1] The confidential investigation contains information indicating that the telephone number belonged to a former inmate and that "Anthony Carlisle" was a false name.

> confidential informant bear sufficient indicia of reliability. Reliability can be established based on (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an in camera review of material documenting the investigator's assessment of the credibility of the confidential informant's credibility.

*Allen v. Parke*, 114 Fed. Appx. 747, 751 (7th Cir. 2004). As an initial matter, it is unclear that the civilian's identity can be fairly characterized as confidential or as an informant. According to the investigatory report and corroborating recordings, on April 5, 2022, the investigator asked Jenkins if he knew anyone by the name of the civilian. ECF 10, ECF 13. On the same day, Jenkins made a series of telephone calls to family members and "Anthony Carlisle" and repeatedly referred to the civilian by name and even spelling it on one occasion. *Id.* And nothing in the record suggests that the civilian voluntarily provided any information to assist the investigation. Further, even assuming that the civilian was a confidential informant who had accused Jenkins, the court would have found sufficient indicia of reliability in the evidence upon which the investigatory report relied. Specifically, the investigative report relied on conversations found on the civilian's cellphone with "Anthony Carlisle" and Jenkins' Facebook profile, which contained photographs of Jenkins, a friend list that overlapped with Jenkins' prison contact list, and other personal information associated with Jenkins. It also relied on the corroborating statements of "Anthony Carlisle" during a recorded telephone call. Therefore, the sufficiency of the evidence claim is not a basis for habeas relief.

Jenkins argues that he is entitled to habeas relief because correctional staff did not provide him with the civilian's name and the names of the officers who arrested the civilian and the arrest report. He further argues that correctional staff did not allow him to present transcripts of his telephone calls, a statement made by "Anthony Carlisle," and any evidence implicating him. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

As detailed above, the investigator provided Jenkins with the name of the civilian, and it is unclear how information regarding the civilian's arrest would have assisted Jenkins in defending against the disciplinary charge. Further, the hearing officer expressly relied on the investigative report, which included summaries of Jenkins' recorded telephone calls and statements from "Anthony Carlisle" and the civilian as well as the photographic evidence upon which the investigator relied. ECF 9-5; ECF 10. Therefore, the claim that he was not allowed to present evidence is not a basis for habeas relief.

If Jenkins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Rodney Kinta Jenkins leave to appeal in forma pauperis.

SO ORDERED on February 27, 2023

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
